United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60795
Summary Calendar

CYNTHIA RENTERIA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A71 515 500
--------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Cynthia Renteria, a native and citizen of Mexico, has petitioned for review of an order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) decision denying her applications for asylum and withholding of removal. In rejecting Renteria's applications, the IJ determined that Renteria had failed to prove that she was due relief on any authorized ground. The BIA affirmed the IJ's decision, finding that Renteria had failed to meet her burden of proving entitlement to asylum or withholding of removal. We review the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BIA's legal conclusions de novo and findings of fact for substantial evidence.  Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001).

While in an abusive relationship, Renteria sought assistance for domestic violence at only one police department in the entire country and was dissatisfied with the results.  It cannot be said that one police department's failure to resolve Renteria's complaint to her satisfaction constitutes past persecution by the Mexican government.

Nor can Renteria prove a well-founded fear of future persecution.  "To establish a well-founded fear of future persecution, an alien must demonstrate a subjective fear of persecution, and that fear must be objectively reasonable."  Zhao v. Gonzales, 404 F.3d 295, 307 (5th Cir. 2005) (internal quotation marks and citation omitted).  Even assuming that Renteria had a subjective fear of persecution, she cannot show that her fear was objectively reasonable.  Renteria failed to fully explore the possibility that she could find sufficient protection from the domestic abuse in her native country.  In addition, Renteria has not demonstrated a sincere effort to relocate in her native country.  Accordingly, Renteria has not established that her fear of future persecution is objectively reasonable and her asylum claim fails.  See Zhao, 404 F.3d at 307.

Because Renteria has not met the requirements necessary to obtain asylum, she also cannot meet the more onerous standards required to obtain withholding of removal and her claim for withholding of removal also fails.

The BIA's decision denying Renteria asylum and withholding of removal are supported by substantial evidence. See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002). Accordingly, Renteria's petition for review is DENIED. Her request for the appointment of counsel is DENIED.